UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINA K., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C19-5403 TSZ <br><br> **ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff appeals denial of her application for Supplemental Security Income. Plaintiff contends the ALJ erred in evaluating three medical opinions. Dkt. 11. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 40 years old, has a high school education, and has worked as a waitress. Dkt. 7, Administrative Record (AR) 30. Plaintiff's May 2015 application, alleging disability as of September 11, 2012, was denied initially and on reconsideration. AR 94, 93, 105. After the ALJ conducted hearings in April and October 2017, the ALJ issued a decision finding Plaintiff not disabled. AR 38, 68, 15-32.

# THE ALJ'S DECISION

Using the five-step disability evaluation process in 20 C.F.R. § 416.920, the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the May 2015 application date.

**Step two:** Plaintiff has the following severe impairments: degenerative disc disease, obesity, anxiety disorder, post-traumatic stress disorder, major depressive disorder, and personality disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.

**Residual Functional Capacity:** Plaintiff can perform light work, lifting 20 pounds occasionally and 10 pounds frequently and sitting, standing, or walking 6 hours each. She can occasionally stoop, crouch, crawl, kneel, and climb ladders, ropes, and scaffolds. She can frequently climb ramps and stairs. She can have occasional exposure to hazards and extreme cold. She can complete tasks requiring a reasoning level of 2 or less. She can have no public contact and no teamwork assignments.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

AR 17-32. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.

# DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

A.      Clyde Addison, M.D.

A treating physician's opinion is generally entitled to greater weight than an examining or nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted).

Plaintiff's treating physician, Dr. Addison, filled out a Request for Medical Opinion form provided by Plaintiff's attorney. AR 1344-46. Dr. Addison opined that, since May 2015, Plaintiff had not been able to sustain full time work because "[h]er pain was immense." AR 1344. Dr. Addison agreed with a statement that Plaintiff "must recline from 2 to 4 hours" per day. *Id*. Dr. Addison opined that Plaintiff would be absent three or more days per month because of "significant recurrence of lower back pain which is only relieved successfully [with] the use of either analgesics or steroid injections." AR 1346. Injections could only be performed every three to six months, and "[o]therwise analgesics would be needed and her ability to work with this would be difficult." *Id*.

The ALJ gave these opinions "[l]ittle weight" because they "impinge" on the ultimate issue of disability, which is reserved to the Commissioner; because the form made it "difficult to determine what Dr. Addison's independent opinion would be"; and because the opinions were inconsistent with the record as a whole. AR 29.[1]

---

[1] The Commissioner offers additional *post hoc* reasons on which the Court cannot rely. *See* Dkt. 12 at 3-6; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995). The Court need not address these reasons or Plaintiff's response to them.

One of Plaintiff's arguments is based on misreading the ALJ's decision. Plaintiff argues that the ALJ incorrectly "states that '[Dr. Addison] *does not* indicate that the claimant's pain would interfere with work.'" Dkt. 11 at 4 (quoting AR 29) (emphasis added). In fact, the ALJ acknowledged that Dr. Addison "*does* indicate that the claimant's pain would interfere with work," and accounted for this opinion by limiting Plaintiff to light work. AR 29 (emphasis added). Plaintiff's argument based on a misquotation fails.

Plaintiff contends the ALJ erred by discounting Dr. Addison's opinions because the form made it difficult to determine his independent opinions. Dkt. 11 at 4. Plaintiff is correct. Dr. Addison hand-wrote sentences in answers to two questions. Even where asked to agree or disagree with statements, there is no evidence that Dr. Addison allowed his professional judgment to be overridden by leading questions. *Cf. Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (In the absence of "evidence of actual improprieties" an ALJ "may not assume that doctors routinely lie in order to help their patients collect disability benefits.").

Plaintiff is also correct that not all of Dr. Addison's opinions may be discounted on the grounds that the ultimate issue of disability is reserved to the Commissioner. *See* Dkt. 13 at 3. This reason was not relevant to Dr. Addison's opinions on absenteeism and the need to recline.

The errors are harmless, however, because the ALJ found that Dr. Addison's opinions were "not consistent with the record as a whole." AR 29; *see Molina*, 674 F.3d at 1117 (error harmless if "inconsequential to the ultimate disability determination"). This was a specific and legitimate reason, supported by substantial evidence, to discount his opinions. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (that opinions were "contradicted by other statements and assessments of [claimant's] medical conditions" and "conflict[ed] with the results of a consultative medical evaluation" were specific and legitimate

ORDER AFFIRMING THE
COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

reasons to discount the opinions). The ALJ accepted Dr. Addison's statement that Plaintiff's pain was "relieved successfully" with analgesics or injections. AR 1346; AR 29. However, the ALJ found that that Dr. Addison's opinion that analgesics would make working difficult was contradicted by the absence of complaints of side effects in the record. AR 29. Thus, the ALJ concluded, Plaintiff's pain was adequately treated without disabling side effects. Plaintiff does not challenge the ALJ's findings but asserts without support that the ALJ's reason, "the inconsistency of Dr. Addison's opinion with the record as a whole[,] is not supported by specific, legitimate evidence." Dkt. 11 at 4. The ALJ's findings are supported by substantial evidence. In appointments for "medication review," pain medication follow-up, or refill requests, Plaintiff typically did not report any side effects. *See*, *e.g.*, AR 371, 376, 412, 432. She once reported being "more forgetful" with morphine, but did not report any side effects that would make her completely unable to work. AR 367. The ALJ accounted for any cognitive side effects of medication by limiting her RFC to a reasoning level of 2 or less and prohibiting public contact and teamwork. AR 24, 26.

Inconsistency with the record was a specific and legitimate reason to discount Dr. Addison's opinions. The Court concludes the ALJ did not err by discounting them.

**B.**     **Louis Kretschmer, M.D.**

Orthopedic surgeon Dr. Kretschmer performed an extensive physical examination in January 2017 "to assess the residuals of an injury" sustained in a May 2016 car accident. AR 944. He also reviewed several medical records. AR 946-47. Dr. Kretschmer opined that Plaintiff had "the ability to work without specific restrictions." AR 952. The ALJ gave "[g]reat weight" to Dr. Kretschmer's opinions. AR 27. An ALJ is not required to provide reasons in support of incorporating a medical opinion into the residual functional capacity determination.

ORDER AFFIRMING THE
COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 5

*Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one). Plaintiff argues, however, that the ALJ misinterpreted Dr. Kretschmer's opinions. Dkt. 11 at 5.

Plaintiff argues that Dr. Kretschmer only evaluated limitations attributable to the May 2016 car accident, and not pre-existing conditions. Dkt. 11 at 5. The record does not support Plaintiff's argument. Dr. Kretschmer did not ignore impairments that were not attributable to the May 2016 car accident. Dr. Kretschmer evaluated Plaintiff's complaints of "[n]eck pain, mid back pain, low back pain, and migraine headaches," and explained which findings were attributable to pre-existing conditions and which, if any, were attributable to the car accident. AR 945. Dr. Kretschmer diagnosed cervical, thoracic, and lumbar strain, migraines, and cervical and lumbar degenerative disease, all of which he identified as pre-existing. AR 950-51. Dr. Kretschmer also answered "specific questions from the claim manager" that were explicit about whether they addressed only pre-existing impairments or only impairments attributable to the May 2016 car accident. AR 951. A question about whether Plaintiff could "return to work or perform regular household duties" was not limited to impairments attributable to the car accident, and Dr. Kretschmer responded that Plaintiff "has the ability to work without specific restrictions." AR 952. The ALJ reasonably interpreted Dr. Kretschmer's opinion as addressing all impairments, not just those attributable to the car accident.

Plaintiff points out that Dr. Kretschmer stated that his examination was "limited to those *areas* involved in the injury." Dkt. 11 at 5 (quoting AR 944) (emphasis added). Dr. Kretschmer evaluated Plaintiff's complaints of neck pain and back pain, which are exactly the areas at issue in this disability determination.

In short, Dr. Kretschmer performed a complete orthopedic evaluation, and then identified

1  which impairments were attributable to pre-existing conditions or the car accident. His opinion

2  that Plaintiff's ability to work was unrestricted applied to all impairments.

3  Plaintiff has not shown that the ALJ erred in interpreting Dr. Kretschmer's opinions.

**C.  Eric Schmitter, M.D.**

Orthopedic surgeon Dr. Schmitter testified at the October 2017 hearing. AR 71. Based on his review of all medical evidence in the record, he opined that Plaintiff could perform light work. AR 76. The ALJ accorded Dr. Schmitter's opinions "great weight" and adopted them in determining Plaintiff's RFC. AR 22.

Plaintiff argues that the ALJ erred by giving more weight to Dr. Schmitter's opinions than to Dr. Addison's opinions, because Dr. Schmitter had difficulty reading the lumbar MRI images that were faxed to him. Dkt. 11 at 2. Dr. Schmitter stated that "[t]he actual pictures do not translate well on to a fax." AR 75. He relied on the radiologist's descriptive report and interpretation of the MRI images, in addition to other evidence such as neurological and other clinical findings. AR 74-76, 80-82. Plaintiff asserts that Dr. Schmitter was "unable to read the evidence" but Dr. Addison was "able to see and read the lumbar MRI." Dkt. 11 at 2. Plaintiff offers no medical or legal authority for the proposition that an orthopedic surgeon must interpret raw MRI images, rather than rely on the report and interpretation of the radiologist. And Plaintiff offers no evidence that Dr. Addison, a family medicine practitioner, did read the raw images rather than rely on the radiologist's report. *See* AR 1335 ("Family Medicine" specialty). Dr. Schmitter's difficulty reading MRI images did not require the ALJ to reject his opinion or to prefer Dr. Addison's opinions.

Plaintiff also argues that the ALJ should not have called Dr. Schmitter to testify. Dkt. 11 at 2-3. At the close of the April 2017 hearing, the ALJ decided to request an orthopedic

ORDER AFFIRMING THE
COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 7

consultative examination. AR 65. However, the Division of Disability Determination Services declined to purchase such an examination because the record already contained "sufficient evidence," namely, Dr. Kretschmer's "extensive independent examination" as well as treating doctors' notes and opinions. AR 301. The ALJ then directed Dr. Schmitter to review Plaintiff's records and offer his opinions at the October 2017 hearing. AR 15. Plaintiff characterizes this as "circumvent[ing]" the denial of a consultative examination, but Dr. Schmitter did not conduct an examination. Dkt. 11 at 3. As the Commissioner notes, Plaintiff offers no authority for the proposition that the ALJ erred by soliciting Dr. Schmitter's testimony or relying on it. *See* Dkt. 12 at 8. At the hearing, Plaintiff's attorney had no objection to Dr. Schmitter's "credentials or impartiality." AR 72. The Court concludes the ALJ did not err by calling a medical expert.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 6th day of November, 2019.

_____
Thomas S. Zilly
United States District Judge